UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD SMITH,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CENTRAL VALLEY ANNEX ICE DETENTION FACILITY,<br><br>Respondent. | No. 1:26-cv-08515-DAD-CKD (HC)<br><br><u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, AND DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER AS MOOT</u><br><br>(Doc. Nos. 2, 3, 4) |

On October 16, 2026, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion to proceed *in forma pauperis* (Doc. No. 2), a motion for temporary restraining order (Doc. No. 3), and a motion to appoint to counsel (Doc. No. 4). On October 20, 2026, the court set a briefing schedule on the pending motion and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 6.) Respondent was further directed to state any opposition to the court's stated intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of respondent's position in this regard. (*Id.*)

On October 23, 2026, respondent filed a combined opposition to the petition and pending motion for temporary restraining order. (Doc. No. 8.) Therein, respondent argues that petitioner is subject to 8 U.S.C. § 1226(a) and the motion for temporary restraining order should be denied because petitioner has not exhausted his administrative remedies. (*Id.* at 1–4.) Respondent does not oppose this court ruling directly on the merits of the underlying petition (*id.* at 1), and the court will do so.

Based on the parties' briefing, the court finds the following facts. On or about October 21, 2017, petitioner entered the United States on a nonimmigrant visa with authorization to remain in the United States until January 10, 2018. (Doc. No. 8-1 at 2.) Petitioner stayed in this country after his authorization date expired. (*Id.*) At an unknown date after his visa had expired, petitioner applied for asylum (Doc. No. 1 at ¶ 45), which application appears to still be pending (Doc. No. 8-1 at 2). On or about July 29, 2026, ICE re-detained petitioner without prior notice or a pre-deprivation hearing. (*Id.*)

Petitioner challenges his detention on due process grounds. (Doc. No. 1 at ¶¶ 69–75.) The court incorporates its prior discussion of why exhaustion should not be required with respect to due process challenges to the procedures employed by immigration authorities as set forth in *Ramirez v. Warden of Golden State Annex Detention Facility*, No. 1:26-cv-02544-DAD-AC, 2026 WL 1078250, at *2–3 (E.D. Cal. Apr. 21, 2026) (quoting *Hernandez v. Mullin*, No. 5:26-cv-00585-JAK-ADS, 2026 WL 846037, at *7–8 (C.D. Cal. Mar. 24, 2026)) and concludes that prudential exhaustion requirements should be waived here because any such exhaustion would be futile. Accordingly, the court rejects respondent's argument that is based upon petitioner's purported failure to exhaust.

As to the merits of petitioner's claim, the court incorporates its reasoning set forth in *Kalkan v. Chestnut*, No. 1:26-cv-02028-DAD-EFB, 2026 WL 788112, at *1 (E.D. Cal. Mar. 20, 2026), *appeal dismissed*, No. 26-3277, 2026 WL 2446315 (9th Cir. June 18, 2026) where the court concluded that the government violated due process when it detained a petitioner who previously entered the United States on a visa, subsequently applied for asylum, and remained at liberty for a number of years before being detained without notice and a pre-deprivation hearing.

Here, as in *Kalkan*, petitioner obtained a protected liberty interest in his continued freedom when the government decided not to immediately move to detain him when his visa expired. Accordingly, pursuant to *Kalkan*, the court concludes that petitioner's detention without notice and a pre-detention hearing violates due process and will order petitioner's immediate release. *Id.*

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
   a. Respondent is ORDERED to immediately release petitioner Reginald Smith, A-File No. 201-378-028, from respondent's custody;
   b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without notice and a pre-detention hearing before an immigration judge where respondent will have the burden of establishing danger or a flight risk by clear and convincing evidence;
2. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;
3. Petitioner's motions for a temporary restraining order and to appoint counsel (Doc. Nos. 3, 4) are DENIED as having been rendered moot by this order granting him habeas relief;
4. The Clerk of the Court is directed to serve a copy of this order on the Central Valley Annex Ice Detention Facility; and
5. The Clerk of the Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 30, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE